UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DOMINION LIQUID TECHNOLOGIES, :
LLC, et al., :
: NO. 1:11-CV-00444
     Plaintiffs, :
:
    v. : **OPINION & ORDER**
:
TOM WEISS, et al., :
:
:
     Defendants. :

This matter is before the Court on Defendant Tom Weiss'
Motion to Dismiss for Lack of Personal Jurisdiction and Improper
Venue, or in the Alternative, Motion to Transfer Venue, Motion to
Dismiss for Failure to State a Claim Upon Which Relief Can be
Granted (doc. 12) and Defendant GT Beverage's Motion to Dismiss for
Lack of Personal Jurisdiction and Improper Venue, or in the
Alternative, Motion to Transfer Venue (doc. 13) and the respective
responsive memoranda (docs. 15, 17, 20, 21). For the following
reasons, the Court DENIES Defendant Weiss' motion in part and
GRANTS it in part (doc. 12) and DENIES Defendant GT Beverage's
motion in its entirety (doc. 13).

## I.   **Background**

Here on diversity of citizenship pursuant to 28 U.S.C. §
1332, this is a contract and tort action brought by an Ohio company
against GT Beverage Company, LLC, a Nevada company with its
principal place of business in California, and Tom Weiss, a
director or member of GT Beverage, who is a resident and

domiciliary of California (doc. 22-1). Plaintiff asserts that Defendants are subject to the personal jurisdiction of the Court pursuant to Ohio's long arm statute, O.R.C. § 2307.382(A), and that venue is proper here because the contract giving rise to the claims was negotiated in Cincinnati, Ohio and was to be performed at Plaintiff's facility in Cincinnati (Id.).

According to Plaintiff's Complaint, Plaintiff and Defendant GT Beverage executed a contract on August 24, 2010, pursuant to which Plaintiff would provide bottling services at its Cincinnati plant and provide for delivery of Defendant GT Beverage's bottled product to retail facilities in the United States and Canada (Id.). On July 21, 2010, Defendant Weiss communicated to Plaintiff the process through which Plaintiff was to prepare an initial draft of the contract, and on August 4, 2010, Defendant Weiss visited Cincinnati in order to determine whether Plaintiff's plant would be sufficient to meet GT Beverage's needs (Id.). During that visit, Plaintiff and Defendant Weiss discussed the contract, and Defendant Weiss indicated that Defendant GT Beverage would be supplying Plaintiff with a large volume of product (Id.). The contract as executed reflects Defendant Weiss' representations as to volume as well as a provision that all bottling and related services subject to the contract would be performed exclusively at Plaintiff's Cincinnati facilities (Id.).

The parties to the contract understood and agreed that in

order to meet the volume requirements of Defendant GT Beverage, Plaintiff would need to construct an additional and specially-designed bottling line in its Cincinnati facility (Id.). Although Plaintiff had projected that the initial phase of the line construction would be completed in the fourth quarter of 2010, the construction was delayed because of the imposition of detailed specifications by Defendant GT Beverage on the third-party manufacturer, a company in China (Id.). Through the fourth quarter of 2010 and the first quarter of 2011, Plaintiff and Defendant Weiss had discussions in which they agreed that Defendant GT Beverage would temporarily use other companies for their bottling needs until Plaintiff's line was ready (Id.). Defendant Weiss assured Plaintiff that Defendant GT Beverage would honor the contract between the parties once the line was ready (Id.).

On April 27, 2011, Plaintiff informed Defendant GT Beverage that the line was completed and ready for production (Id.). Defendant GT Beverage refused to honor the contract (Id.). Plaintiff's expense in reliance on the contract is in excess of $896,414 (Id.).

Plaintiff claims that (i) Defendant GT Beverage is liable to Plaintiff for all amounts Plaintiff spent for the manufacture and installation of the additional bottling line because Defendant GT Beverage breached the contract; and (ii) Defendant Weiss is liable to Plaintiff for all amounts Plaintiff spent for the

manufacture and installation of the additional bottling line as a result of Defendant GT Beverage's breach because Plaintiff relied on Defendant Weiss's material misrepresentations regarding Defendant GT Beverage's intentions with respect to the contract (<u>Id.</u>).

Pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3), Defendant Weiss moves the Court to dismiss the complaint as against him, asserting that the Court lacks personal jurisdiction over him and that venue in the Southern District of Ohio is improper (doc. 12). In addition, pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Weiss moves the Court to dismiss the complaint because, he contends, it fails to state a claim upon which relief can be granted (<u>Id.</u>). In the alternative, Defendant Weiss moves the Court to transfer the matter to the United States District Court for the Central District of California, pursuant to 28 U.S.C. § 1404(a) (<u>Id.</u>).

Defendant GT Beverage moves the Court to dismiss the complaint as against it, asserting that the Court lacks personal jurisdiction over it and that venue in the Southern District of Ohio is improper (doc. 13). In the alternative, Defendant GT Beverage moves the Court to transfer the matter to the United States District Court for the Central District of California, pursuant to 28 U.S.C. § 1404(a) (<u>Id.</u>).

## II. Federal Rule of Civil Procedure 12(b)(2): Personal Jurisdiction

In a diversity case, a plaintiff must satisfy both the state-law requirements for personal jurisdiction and the requirements of the Due Process Clause of the federal Constitution. Estate of Thomson ex rel. Estate of Rakestraw v. Toyota Motor Corp. Worldwide, 545 F.3d 357, 361 (6th Cir. 2008). Ohio's long-arm statute establishes a statutory basis for jurisdiction over foreign defendants by providing in relevant part that "[a] court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's...[t]ransacting any business in this state...[or] [c]ausing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state." Ohio Rev. Code § 2307.382(A)(1). The Sixth Circuit has recognized that "Ohio's long-arm statute is not coterminous with federal constitutional limits." Estate of Thomson, 545 F.3d at 361. However, the Court's central inquiry is whether minimum contacts are satisfied so as not to offend "traditional notions of fair play and substantial justice." Caphalon v. Rowlette, 228 F.3d 718 (2000) (citing Cole v. Mineti, 133 F.3d 433, 436 (6th Cir. 1998) and Goldstein v. Christiansen, 70 Ohio St.3d 232, 638 N.E.2d 541, 545 n. 1)(Ohio 1994) (per curiam)); Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)).

"The party seeking to assert personal jurisdiction bears the burden of demonstrating that such jurisdiction exists." <u>Bird v. Parsons</u>, 289 F.3d 865, 871 (6th Cir. 2002). Where, as here, the Court relies on the parties' filings and does not hold an evidentiary hearing, the burden consists of "a <u>prima</u> <u>facie</u> showing that personal jurisdiction exists." <u>Serras v. First Tennessee Bank National Association</u>, 875 F.2d 1212, 1214 (6th Cir. 1989). The Court views "the facts in the light most favorable to the plaintiff and do[es] not consider facts proffered by the defendant that conflict with those offered by the plaintiff." <u>Aristech Chemical Intern. Ltd. v. Acrylic Fabricators Ltd.</u>, 138 F.3d 624, 626 (6th Cir. 1998).

To determine that jurisdiction is proper, the Court must find: (1) purposeful availment of the privilege of acting in the forum state or causing a consequence in the forum state; (2) that the cause of action arises from activities in the state; and (3) that a substantial enough connection exists with the forum state to make the exercise of jurisdiction over the defendant reasonable. <u>Youn v. Track, Inc.</u>, 324 F.3d 409, 418 (6th Cir. 2003).

### 1. The Parties' Arguments

Defendant Weiss argues that the Court lacks jurisdiction over him because his sole connection to Ohio is the August 4, 2010 trip he took to meet with Plaintiff and inspect Plaintiff's facilities (doc. 21). He notes that the Sixth Circuit has held

that "personal jurisdiction over a corporate entity without more does not confer personal jurisdiction over individual officers and employees of that company," and contends that Plaintiff has offered no facts specific to Defendant Weiss that speak to jurisdiction other than that isolated trip (Id., citing Robertson v. AVC Systems, Inc., 51 F.3d 273 (6th Cir. 1995)). Defendant Weiss further notes that he has never contacted Ohio for his own personal benefit, that he did not negotiate or execute the contract on behalf of Defendant GT Beverage, that he had a few telephone and email conversations with Plaintiff's employees but that these conversations were generally initiated by Plaintiff in Ohio, and that, at base, all events relating to him occurred as a result of Plaintiff contacting and wanting to do business with GT Beverage.

Defendant GT Beverage argues that its contacts with Ohio are insufficient to be seen as having availed itself of Ohio's laws. Specifically, GT Beverage notes that it is not a resident of Ohio, has no offices here, is not registered here as a foreign corporation and has no contracts with any Ohio companies (doc. 13). In addition, it argues that its one-day visit to Plaintiff's facility in Ohio, where no contract negotiations took place, cannot constitute purposeful availment.

Plaintiff contends that Defendant Weiss did, indeed, discuss the terms of the contract during his visit to Cincinnati, including compensation, volume, the market territory to be covered

7

by the contract, and the facilities that would be needed (doc. 15).
In addition, Plaintiff avers that Defendant Weiss, prior to his
visit to Ohio, placed an order with Plaintiff and repeatedly, via
telephone, reassured Plaintiff that the delay in the bottling line
construction would not adversely affect the parties' ongoing
business relationship evidenced by the contract (Id.).

With respect to Defendant GT Beverage, Plaintiff notes
that company representatives visited Plaintiff's plant on two
occasions, that GT Beverage negotiated the contract via phone, fax
and email, and that it ordered its suppliers to send supplies to
Plaintiff in anticipation of the future orders contemplated by the
contract (Id.). In addition, Plaintiff avers that GT Beverage
mandated that Plaintiff's new bottling line be built according to
its specifications; recommended a contractor and a manufacturer;
and, several months after the signing of the contract and
approximately a month before the new line was to have been
installed, provided additional design specifications to the
contractor (Id.).

## 2. The Court Has Personal Jurisdiction Over Defendants

Having reviewed this matter, the Court finds that
Defendants are properly subject to its jurisdiction. As to
Defendant Weiss, his trip to Cincinnati for the purpose of
inspecting Plaintiff's facilities and, according to Plaintiff,
negotiating terms of the contract, constitutes conducting business

8

in Ohio, as do the telephone calls and emails he exchanged with Plaintiff, such that he falls within the ambit of Ohio's long-arm statute. The multiple phone calls and emails Defendant Weiss exchanged with Plaintiff assuring Plaintiff that the delay in construction of its speciality line form the basis of Plaintiff's misrepresentation claim against Defendant Weiss. While he may have been physically in California at the time he participated in those exchanges, he was actively engaged in business transactions with an Ohio-based company and cannot reasonably claim that he could not have foreseen that his actions could cause injury to that Ohio company. Defendant Weiss purposefully availed himself of Ohio's laws when he traveled here and conducted business here. The allegations of misrepresentation directly relate to the contract, which was to be performed in Ohio, including the specially-designed bottling line, which Defendant Weiss directed Plaintiff to build, making Plaintiff's cause of action arise out of activities in Ohio.

As to Defendant GT Beverage, the Court has no trouble finding that the company may properly be called to defend itself in Ohio. Defendant GT Beverage sent its representative to Cincinnati-in the form of Defendant Weiss-to lay the foundation for an ongoing business relationship with an Ohio company. GT Beverage also emailed and faxed various iterations of the contract to Plaintiff and engaged Plaintiff on multiple occasions in telephone conversations about the contract and about the ongoing

relationship. In addition, evidencing their ongoing relationship, GT Beverage sent product and supplies to Plaintiff, which were stored at Plaintiff's Cincinnati facility. GT Beverage determined that Plaintiff's Ohio facility needed to be expanded and was intimately involved in the design specifications for that expansion, even sending a representative to the Cincinnati plant after the contract was signed in order to consult with Plaintiff regarding the specifications GT Beverage required for Plaintiff's new bottling line. Representatives of GT Beverage repeatedly communicated with Plaintiff about the time-frame for the development of the new line, placed orders with Plaintiff, and assured Plaintiff that the delay in construction–due, according to Plaintiff, to GT Beverage's alterations to the design specifications and to the use of GT Beverage's recommended manufacturer–would not alter the contract. All of these activities demonstrate that Defendant GT Beverage purposefully availed itself of the privilege of acting in Ohio and that Plaintiff's causes of action arise from GT's contacts with Ohio. See, e.g., Cole v. Mileti, 133 F.3d 433, 436 (6th Cir. 1998), citing, inter alia, Burger King, 471 U.S. at 475–76, 479, 105 (where a nonresident defendant transacts business by negotiating and executing a contract via telephone calls and letters to an Ohio resident, the defendant has purposefully availed himself of the forum by creating a continuing obligation in Ohio).

"[W]here, as here, the first two criter[ia] are met, 'an inference of reasonableness arises' and 'only the unusual case will not meet [the substantial connection] criteri[on].'" Air Prods. & Controls, Inc., 503 F.3d 544, 554 (quoting Theunissen v. Matthews, 935 F.2d 1454, 1461 (6th Cir. 1991)). "In determining whether the exercise of jurisdiction is reasonable, the court should consider, among others, the following factors: (1) the burden on the defendant; (2) the interest of the forum state; (3) the plaintiff's interest in obtaining relief; and (4) other states' interest in securing the most efficient resolution of the [controversy]." Id. at 554-55.

While defending this matter in Ohio imposes a burden on Defendants, the Court cannot conclude that this burden creates an "unusual case" where the "inference of reasonableness" should be abandoned. See Youn, 324 F.3d at 420. Moreover, Ohio has an interest in ensuring that its residents have adequate recourse for harms inflicted by nonresidents, and requiring Plaintiff, a small company, to litigate this dispute in California would impose a substantial burden on it. Cf. Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co., 91 F.3d 790, 797 (6th Cir. 1996) (noting concern not implicated where plaintiff is large corporation that "can easily travel to the defendant's home jurisdiction to seek redress"). In contrast, California has no real interest in this matter apart from an attenuated and general concern that two of its

citizens must defend their actions in another state, a concern that is present in any litigation involving citizens from different states. "Because there is an inference of reasonableness when the first two Southern Machine prongs are satisfied, and because there are no considerations put forward by [Defendants] to overcome or contradict that inference, the exercise of jurisdiction is reasonable under the circumstances of this case." Air Prods. & Controls, Inc., 503 F.3d at 555, citing Southern Mach. Co. v. Mohasco Indus., Inc., 401 F.2d 374 (6th Cir. 1968).

Given their contacts, interactions, negotiations and ongoing relationship with an Ohio company, Defendants cannot legitimately claim that to be haled into court here was either unforeseeable or unreasonable. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291, 297 (1980)(Due process requires that a defendant have "minimum contacts . . . with the forum State . . . such that he should reasonably anticipate being haled into court there."). Plaintiff has succeeded in showing that litigating this case in the Southern District of Ohio comports with both due process and the Ohio long-arm statute. Defendants' Motions to Dismiss for Lack of Personal Jurisdiction are therefore DENIED (docs. 12 & 13).

**B.    Federal Rule of Civil Procedure 12(b)(3): Venue**

Pursuant to 28 U.S.C. § 1391(a)(2), a plaintiff may file his complaint in any forum where a substantial part of the events

or omissions giving rise to the claim arose, including any forum with a substantial connection to the plaintiff's claim. See 28 U.S.C. § 1391(a); First of Michigan Corp. v. Bramlet, 141 F.3d 260, 263 (6th Cir. 1998).

Defendants argue that venue is improper in the Southern District of Ohio because a substantial part of the events giving rise to Plaintiff's claim did not occur in the Southern District of Ohio but, instead, in the Central District of California (doc. 12). As to Defendant Weiss, Defendants argue that venue is improper because the only allegation against him is that he "verbally assented on behalf of GT Beverage to [Plaintiff's] delay of its installation and operation of its additional bottling line" (Id.). This act took place in California, not in Ohio, so Defendants contend that venue is improper here. As to Defendant GT Beverage, Defendants argue that venue is improper here because GT Beverage's alleged refusal to abide by the terms of the contract occurred in California, not in Ohio, and no events giving rise to Plaintiff's claim against GT Beverage occurred here (doc. 13).

Plaintiff argues that venue here is proper because a substantial part of the events giving rise to its action did occur here (doc. 17). Specifically, Plaintiff points to the following facts alleged in the complaint: Defendant Weiss initially placed an order with Plaintiff in Cincinnati; he visited Plaintiff's Ohio facility; he discussed, in Cincinnati, various items that were

incorporated into the contract as well as the requirement in the contract for Plaintiff to purchase and install a new blending and bottling line at its Ohio plant to service Defendant GT Beverage's orders; the multiple shipments of Defendant GT Beverage's packaging materials to Plaintiff's facility; numerous telephone and email communications between Defendant GT Beverage and Plaintiff regarding the terms of the Agreement; and the receipt of design specifications for the new bottling line as well as specific orders placed by Defendant GT Beverage through April 2011 (<u>Id.</u>).

Plaintiff has the better end of this argument, and the Court finds that venue here is proper. As Plaintiff notes, a substantial part of the events giving rise to its claims did occur in Ohio. For example, the terms of the contract were negotiated via email and phone between Ohio and California; the contract was to be performed in Ohio, with Defendants shipping their product to Plaintiff's Ohio facility, which Defendants were intimately involved in building to their specifications; and the alleged breach of contract resulted in damages to Plaintiff in Ohio. <u>Cf. Union Cent. Life Ins. Co. v. Andraos Capital Management & Insurance Svcs., Inc.</u>, 2010 WL 5093396 (S.D. Ohio, December 8, 2010). Plaintiff chose this venue, and the Court affords considerable weight to Plaintiff's choice of forum. <u>Midwest Motor Supply Co., Inc. v. Kimball</u>, 761 F.Supp. 1316, 1318 (S.D. Ohio 1991). That some of the events that gave rise to this action may have occurred

in California is not reason enough for the Court to undo Plaintiff's choice of forum. The Court therefore DENIES Defendants' motion to dismiss on the basis of improper venue.

### C. Motion to Transfer Pursuant to 28 U.S.C. § 1404(a)

"[T]he threshold consideration under § 1404(a) is whether the action 'might have been brought' in the transferee court." Kay v. National City Mortgage Co., 494 F.Supp.2d 845, 849 (S.D. Ohio 2007). "Once it is determined that a case could have been brought in the transferee court, the issue becomes whether the transfer is justified under the balance of the language of Section 1404(a)." Jamhour v. Scottsdale Ins. Co., 211 F.Supp.2d 941, 945 (S.D. Ohio 2002).

Under 28 U.S.C. § 1404, a district court may transfer a civil action to any other district where the action may have been brought for the convenience of the parties or witnesses. "In order for a transfer to take place, the Defendant must make a strong showing of inconvenience to warrant upsetting the Plaintiff's choice of forum." Hobson v. Princeton-New York Investors, Inc., 799 F.Supp. 802, 805 (S.D. Ohio 1992). "A plaintiff's choice of forum is given great weight." Id. at 804.

When considering a motion to transfer venue, a district court should consider the convenience of the parties, the convenience of potential witnesses, and the interests of justice. Moses v. Business Card Express, Inc., 929 F.2d 1131, 1137 (6th Cir.

1991). Venue should not be transferred unless these factors weigh heavily in favor of the defendant. <u>West American Insurance v. Potts</u>, 908 F.2d 974, 1990 WL 104034 at *2 (6th Cir. 1990).

Defendants seek transfer to the Central District of California, arguing that the inconvenience Defendants would suffer should the case stay in the Southern District of Ohio is greater than any inconvenience Plaintiff would suffer should the Court transfer the case to California (doc. 12). In addition, Defendants argue that the interests of justice would be better served with a transfer because, statistically, cases get resolved quicker in the Central District of California than in the Southern District of Ohio (<u>Id.</u>).

Plaintiff argues that a transfer is inappropriate because the convenience of the parties and witnesses and the interests of justice do not weigh heavily in favor of Defendants (doc. 17). On the contrary, Plaintiffs note that Defendants' position would simply shift the inconvenience Defendants will suffer from litigating this matter in Ohio to Plaintiffs, should the matter be litigated in California. They note that where the choice of forums is "equally convenient or inconvenient," transfer should not be granted (<u>Id.</u>, citing <u>Van Dusen v. Barrack</u>, 376 U.S. 612, 646 (1964)). In addition, Plaintiff contends that the contract at issue is governed by Ohio law, and this Court is more familiar with the governing law than a California court would be (<u>Id.</u>, citing

Global Décor, Inc. v. Cincinnati Ins. Co., 2011 WL 2437236, *2-3 (C.D. Cal. 2011)("A diversity case should be litigated in a forum that is at home with the law that must govern the action.").

A district court has broad discretion when considering motions to transfer venue under 28 U.S.C. § 1404. Hayes v. Chesapeake & Ohio Railway Co., 374 F.Supp. 1068 (S.D. Ohio 1973). After reviewing the facts of this case, the Court finds Plaintiff's arguments compelling and is not satisfied that Defendants have shown that the factors for transfer of venue weigh heavily in their favor. Therefore, the Court DENIES Defendants' Motion to Transfer Venue.

**D.   Federal Rule of Civil Procedure 12(b)(6): Failure to State a Claim**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) requires the Court to determine whether a cognizable claim has been pled in the complaint.  The basic federal pleading requirement is contained in Fed. R. Civ. P. 8(a), which requires that a pleading "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir. 1976); Erickson v. Pardus, 551 U.S. 89 (2007).  In its scrutiny of the complaint, the Court must construe all well-pleaded facts liberally in favor of the party opposing the motion.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  A complaint survives a motion to dismiss if it

17

"contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Courie v. Alcoa Wheel & Forged Products</u>, 577 F.3d 625, 629-30 (6th Cir. 2009), <u>quoting</u> <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009), <u>citing</u> <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007).

A motion to dismiss is therefore a vehicle to screen out those cases that are impossible as well as those that are implausible. <u>Courie</u>, 577 F.3d at 629-30, <u>citing</u> Robert G. Bone, <u>Twombly, Pleading Rules, and the Regulation of Court Access</u>, 94 IOWA L. REV. 873, 887-90 (2009). A claim is facially plausible when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the conduct alleged. <u>Iqbal</u>, 129 S.Ct. at 1949. Plausibility falls somewhere between probability and possibility. <u>Id</u>., <u>citing</u> <u>Twombly</u>, 550 U.S. at 557. As the Supreme Court explained,

> "In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." <u>Id</u>. at 1950.

The admonishment to construe the plaintiff's claim liberally when evaluating a motion to dismiss does not relieve a plaintiff of his obligation to satisfy federal notice pleading requirements and allege more than bare assertions of legal

conclusions. Wright, Miller & Cooper, Federal Practice and Procedure: § 1357 at 596 (1969). "In practice, a complaint . . . must contain either direct or inferential allegations respecting all of the material elements [in order] to sustain a recovery under some viable legal theory." <u>Car Carriers, Inc. v. Ford Motor Co.</u>, 745 F.2d 1101, 1106 (7th Cir. 1984), <u>quoting</u> <u>In Re: Plywood Antitrust Litigation</u>, 655 F.2d 627, 641 (5th Cir. 1981); Wright, Miller & Cooper, Federal Practice and Procedure, § 1216 at 121-23 (1969). The United States Court of Appeals for the Sixth Circuit clarified the threshold set for a Rule 12(b)(6) dismissal:

> [W]e are not holding the pleader to an impossibly high standard; we recognize the policies behind Rule 8 and the concept of notice pleading. A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim. But when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist.

<u>Scheid v. Fanny Farmer Candy Shops, Inc.</u>, 859 F.2d 434, 437 (6th Cir. 1988).

### 1. Defendant's Arguments

Defendant Weiss[1] bases his motion to dismiss for failure to state a claim on two premises: that Plaintiff has failed to set forth with particularity the facts necessary to support a claim for fraud and that Plaintiff has inappropriately based its tort claim against Defendant Weiss on a breach of contract claim against

---

[1] Defendant GT Beverage did not file a 12(b)(6) motion.

Defendant GT Beverage (doc. 12). Specifically, Defendant Weiss contends that Plaintiff's complaint attempts to morph a contract claim into a tort claim, in contravention of Ohio law (Id., citing, inter alia, Textron Financial Corp. v. Nationwide Mutual Ins. Co., 115 Ohio App.3d 137, 151, 684 N.E.2d 1261 (1996); Picker International, Inc. v. Mayo Foundation, 6 F. Supp. 2d 685, 689 (N.D. Ohio 1998)("[The plaintiff] may not recast its breach of contract claim as a tort claim, where the only duty breached is a contractual duty.")).

In addition, Defendant Weiss argues that the negligent misrepresentation claim against him must be dismissed because Plaintiff has not set forth allegations in the complaint from which the Court could plausibly infer that he had a special relationship with Plaintiff, which is a "core requirement" of the claim (Id.). As to Plaintiff's fraudulent misrepresentation claim, Defendant Weiss argues it, too, must be dismissed because Plaintiff failed to plead that Defendant Weiss acted with the requisite intent of misleading Plaintiff into relying on his allegedly false misrepresentations (Id.).

## 2. Plaintiff Has Stated A Claim

As an initial matter, the Court agrees with Plaintiff's analysis of the relevant case law: Plaintiff's tort claims against Defendant Weiss are not precluded by its contract claim against Defendant GT Beverage, even though they arise from the same set of

20

facts, because the claims are lodged against two different defendants. The cases upon which Defendant Weiss relies are inapposite for that reason.

With respect to Plaintiff's negligent misrepresentation claim, the Court notes that the elements for such a claim are that the Defendant supplied false information for the guidance of the Plaintiff in its business transactions; the Plaintiff was justified in relying on the information; and the Defendant failed to exercise reasonable care or competence in obtaining and/or communicating the information. CCB Ohio LLC v. Chemque, Inc., 649 F.Supp.2d 757, 767 (S.D. Ohio 2009). Plaintiff has alleged that Defendant Weiss repeatedly assured Plaintiff that the delay in the construction of the new bottling line would not affect the ongoing relationship evidenced by the contract. This speaks to the first element of the claim. The fact that Defendant Weiss was a director or member of GT Beverage made Plaintiff's reliance on his representations reasonable and justifiable, satisfying the second element of the claim. And, Plaintiff has alleged that Defendant Weiss knew or should have known, as a director or member of the company, that GT Beverage did not in fact intend to abide by the contractual agreement, thus satisfying the third element of the claim. Plaintiff has therefore alleged facts sufficient to allow the Court to plausibly infer a cause of action here, and Defendant Weiss's motion as to this claim is denied.

As to Plaintiff's intentional (or fraudulent) misrepresentation claim, a different result obtains. As Plaintiff notes, the elements of this claim are  1) a representation or, where there is a duty to disclose, concealment of a fact, 2) which is material to the transaction at hand, 3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true that knowledge may be inferred, 4) with the intent of misleading another into relying upon it, 5) justifiable reliance upon the representation or concealment, and 6) a resulting injury proximately caused by the reliance (doc. 18, citing Carpenter v. Scherer-Mountain Ins. Agency, 135 Ohio App.3d 316, 733 N.E.2d 1196, 1204 (Ohio Ct. App.1999), citing and quoting from Burr v. Stark Cty. Bd. Of Commrs., 23 Ohio St.3d 69, 491 N.E.2d 1101, syllabus, ¶ 2 (Ohio 1986)).  Defendant Weiss correctly observes that Plaintiff needed to have pled facts sufficient to support a plausible inference that Defendant Weiss acted with "the intent of misleading [Plaintiff] into relying" on his alleged misrepresentations.  Plaintiff did not allege such facts.  The Court cannot fairly infer the requisite intent here merely on the allegations that the representations were made by a director or member of the company, which are the operative allegations.  That would require an inferential leap of a magnitude that is impermissible under Twombly and Iqbal. Plaintiff needed to have alleged facts that speak to Defendant

Weiss' intent, a distinct element of the cause of action, and it did not do so. Therefore, the Court finds that dismissal of Plaintiff's intentional (fraudulent) misrepresentation claim is appropriate.

**IV. Conclusion**

For the foregoing reasons, the Court GRANTS Defendant Weiss' motion to dismiss only as to Plaintiff's intentional misrepresentation claim and DENIES it in all other respects (doc. 12) and DENIES Defendant GT Beverage's motion in its entirety (doc. 13).

SO ORDERED.


Dated: April 10, 2012          /s/ S. Arthur Spiegel
                               S. Arthur Spiegel
                               United States Senior District Judge