## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

DOMINION LIQUID TECHNOLOGIES, LLC,        Case No. 1:11-cv-444
       Plaintiff,

                                       Speigel, J.
    vs.                                  Litkovitz, M.J.

GT BEVERAGE COMPANY, LLC, *et al.*,        **ORDER**
       Defendants.

Plaintiff, Dominion Liquid Technologies, LLC (Dominion), brings this diversity action pursuant to 28 U.S.C. § 1332 against defendants GT Beverage Company, LLC (GT), Tom Weiss (Weiss), a GT employee, and True Drinks, Inc. (True Drinks), raising various state law contract and tort claims. This matter is before the Court on Dominion's motion to compel (Doc. 69), GT's response in opposition (Doc. 72), Dominion's reply (Doc. 75), and Dominion's supplemental reply memorandum. (Doc. 77).

### I.    Background

Dominion filed a complaint against GT and Weiss in July 2011 regarding a dispute over a contract between Dominion and GT, under which Dominion would provide bottling and delivery for GT of GT's patented, spherical bottle. (Doc. 1). Dominion alleges the parties' contract required Dominion to construct "an additional and specially designed bottling line" by the end of 2010. *Id.*, ¶¶ 16, 18. Due to circumstances outside of Dominion's control, the bottling line was not completed until after the contractual deadline but GT agreed to use alternative bottling companies in the interim. *Id.*, ¶¶ 19-21. Upon completion of the bottling line and after Dominion had expended in excess of $750,000 to build the line, GT allegedly breached the terms of the contract. *Id.*, ¶¶ 22-23.

GT and Weiss filed separate motions to dismiss Dominion's claims for lack of

jurisdiction and failure to state a claim for relief. (Docs. 12, 13). The district judge denied GT's motion in its entirety and Weiss's motion in large part, but found that Dominion had failed to state an intentional misrepresentation claim against Weiss. (Doc. 33). GT then filed a motion for summary judgment in December 2012. (Doc. 48). In its motion, GT contends that Dominion breached the parties' contract by failing to timely construct the bottling line and asserts that GT lost substantial money, including a lucrative purchase order from Wal-Mart, which prompted it to cancel the contract.

In January 2013, Dominion filed its own motion for summary judgment on its breach of contract claims against GT and filed an amended complaint against True Drinks. (Docs. 58, 65). After GT filed its response brief (Doc. 63), Dominion filed the instant motion to compel. (Doc. 69). Briefing on the motion was completed on March 21, 2013, when Dominion filed its reply brief; however, Dominion stated therein that it had recently received a significant amount of discovery from GT and that it anticipated receiving further documents in the near future. (Doc. 75). Dominion represented that in the event of receiving full and complete responses, it would withdraw its motion to compel. (Doc. 75 at 2). Dominion recently filed a supplemental reply brief renewing portions of its motion to compel. (Doc. 77). This matter is now ripe for ruling.

## II.     Motion to Compel Standard

Fed. R. Civ. P. 37 provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production or inspection" if a party fails to provide discovery responses. Fed. R. Civ. P. 37(a)(3). Rule 37(a) provides that "an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(3). The burden of proof is on the party opposing the motion to compel to show in what respects the discovery requests are improper. *Kafele v. Javitch, Block, Eisen &*

2

*Rathbone*, No. 2:03-cv-638, 2005 WL 5095186, at *1 (S.D. Ohio April 20, 2005) (citing *Trane Co. v. Klutznick,* 87 F.R.D. 473 (W.D. Wisc. 1980)).

### III.    Discussion

Dominion seeks an order compelling GT to produce documents responsive to 10 document requests.  Specifically, Dominion seeks responsive documents related to Document Request Nos. 4, 5, 6, 7, 8, 10, 11, 12, 14, and 15.[1]  The Court will address each discovery request in turn.

#### A.    Document Request 4

Dominion seeks "a copy of all documents related to the GT plant."  (Doc. 69, Ex. 4 at 5). GT objects to this request on the grounds of relevancy, noting that Dominion has raised limited contractual claims and that such a broad and oppressive request is equivalent to a fishing expedition.  (Doc. 72 at 3).  Dominion's request, as written, seeks a potentially limitless number of documents most of which, in all likelihood, are irrelevant to the instant litigation.  Further, Dominion's motion fails to set forth any facts or argument in support of its motion to compel a response to this specific request.  The Court is therefore unable to glean what, if any, more limited universe of documents Dominion seeks.  Dominion's Document Request 4 is overbroad and not tailored to Dominion's claims; thus, its motion to compel production of responsive documents is denied.

#### B.    Document Request 5

Dominion seeks "a copy of all documents related to the GT trademark."  (Doc. 69, Ex. 4 at 5).  For the reasons stated above in connection with Document Request 4, Dominion's motion

---

[1] Dominion has withdrawn its prior request relative to document request No. 9, *see* Doc. 69, Ex. 2 at 1, representing that GT has produced the requested discovery.  (Doc. 77 at 3).

to compel documents responsive to this request, as written, is denied.

     C.     Document Request 6

Dominion seeks "a copy of all documents which relate to a right by any business entity to make use of the GT patented bottle design." (Doc. 69, Ex. 4 at 5). Again, Dominion has failed to present any argument or cite authority in support of this specific request. However, the instant request is somewhat tailored to the claims raised in Dominion's complaint. Dominion alleges GT breached a contract granting Dominion exclusive rights to bottle and deliver GT's specially designed bottled beverages to certain retail facilities in North America. *See* Doc. 1, ¶¶ 9, 15. Dominion also alleges that the parties agreed that GT would utilize other bottling companies while the necessary bottling line was being installed at Dominion's plant. *Id.*, ¶ 21. Thus, certain documents responsive to this request, such as GT's contractual agreements with other bottling companies during the pendency of the parties' contract, are relevant and discoverable. However, the scope of the instant request is, as written, overbroad. Thus, Dominion's motion to compel responses to Document Request 6 is granted only for the years of 2010 and 2011, the time period covering the existence of the parties' contract.

     D.     Document Request 7

Dominion seeks "a copy of all organization documents for any business entity which has the right to make use of the GT patent." (Doc. 69, Ex. 4 at 6). For the reasons stated above in connection with Document Request 6, Dominion's motion to compel is granted only for the time period of 2010 and 2011.

     E.     Document Request 8

Dominion seeks "a copy of all documents, if any, which you contend support a claim that GT sustained lost profits as a result of the [Dominion] completing the new line after the fourth

4

quarter of 2010." (Doc. 69, Ex. 4 at 6). GT claims the requested documents are not relevant to any of plaintiff's claims and notes that GT has not filed a counterclaim for lost profits. (Doc. 72 at 3-4). Dominion asserts, however, that the request seeks documents which are relevant given GT's summary judgment arguments, specifically, GT's supported claim that it lost profits due to Dominion's failure to timely install an operational bottling line. *See* Doc. 48 at 4-6. Notably, GT also argued that summary judgment should be granted in its favor because Dominion materially breached the contract first, as demonstrated by the loss of GT's contract with Wal-Mart. *Id.* at 9-13.

The undersigned finds that the documents requested by Dominion are relevant given GT's summary judgment arguments. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). Here, in defense against Dominion's breach of contract claim, GT argues that Dominion was the first party to materially breach the contract as evidenced by lost profits and business. Specifically, GT contends that as a result of Dominion's actions, "GT Beverage lost all the Wal-Mart Purchase Orders and ended up essentially out of business." (Doc. 48 at 11). Consequently, GT has put its lost profits at issue and the documents requested by Dominion's Document Request 8 are within the scope of relevant discovery. Accordingly, Dominion's motion to compel production of these documents is granted.

F.    Document Request 10

Dominion seeks "a copy of all documents related to Walmart purchase orders received by GT from June through December 2010, including documents related to each and every company bottling GT's production for such orders." (Doc. 69, Ex. 4 at 6). As stated above in connection with Dominion's requests for documents regarding lost profits, the documents requested are

relevant as they relate to GT's assertion that Dominion materially breached the parties' contract by failing to timely install an operational bottling line which caused GT lost profits, including profits from Wal-Mart purchase orders. *See* Doc. 48 at 12-13. Consequently, Dominion's motion to compel documents related to Wal-mart purchase orders for the limited period of June 2010 to December 2010 is granted.

      G.      Document Request 11

Dominion seeks "a copy of all documents related to Walmart purchase orders received by GT in 2011, including documents related to each and every company bottling GT's production for such orders." (Doc. 69, Ex. 4 at 7). For the reasons stated above in connection with Document Request Nos. 8 and 10, Dominion's motion to compel production of these documents is granted.

      H.      Document Request 12

Dominion seeks "copies of all correspondence GT has ever sent to or received from Walmart." (Doc. 69, Ex. 4 at 7). This request, as written, is overbroad as it seeks production of all correspondence between GT and Wal-mart, irrespective of content, and is unlimited in scope with respect to time. Accordingly, Dominion's motion to compel documents responsive to this request is denied.

      I.      Document Request 14

Dominion seeks "a copy of all GT state and federal tax returns for the years 2010 and 2011." (Doc. 69, Ex. 4 at 8). Dominion clarifies in its supplemental reply brief that GT has provided a copy of the 2011 tax return; consequently, Dominion seeks only GT's state and federal tax returns for the year 2010. The requested tax information is relevant to GT's assertion that it lost profits and business due to Dominion's failure to install an operational bottling line in

6

time to meet certain orders which purportedly amounts to a material breach of the parties'
contract. *See Credit Life Ins. Co. v. Uniworld Ins. Co. Ltd.*, 94 F.R.D. 113, 118-121 (S.D. Ohio
1982) (party's tax information is discoverable where the party puts its income at issue). GT has
not responded to Dominion's motion to compel in this regard or provided any justification for its
failure to provide the requested documents. As GT has put its income at issue in its motion for
summary judgment and has provided no rationale for providing tax return information for the
year 2011 but not for 2010, Dominion's motion to compel production of GT's 2010 tax returns is
granted.

     J.     <u>Document Request 15</u>

Dominion seeks "a copy of all GT financial statements, including profit and loss
statements and balance sheets, for each of the years 2010 and 2011." (Doc. 69, Ex. 4 at 8). In its
supplemental reply brief, Dominion states it is "seeking all documents responsive to [this
request] to the extent GT has not already produced all such documents." (Doc. 77 at 3). As
stated above, the undersigned finds that GT's financial and income information for the years
2010 and 2011 is relevant. However, it appears from Dominion's supplemental reply brief that
GT has produced responsive documents and that Dominion simply seeks reassurance that it has
received all responsive documents. This is an improper request for a motion to compel. As it
appears that GT has provided the requested documents, Dominion's motion to compel in this
regard is denied as moot.

**IV.    Conclusion**

Dominion's motion to compel discovery is granted in part and denied in part.
Dominion's motion to compel production of documents in response to Document Request Nos.
6, 7, 8, 10, 11 and 14 is **GRANTED**. GT is ordered to provide Dominion documents in response

to these requests within **20 days** of the date of this Order. Further, for the reasons stated above, Dominion's motion to compel production of documents in response to Document Request Nos. 4, 5, 12, and 15 is **DENIED**.

      **IT IS SO ORDERED.**

Date: **5/20/2013**

                                    Karen L. Litkovitz
                                    United States Magistrate Judge